IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MITCHELL EUGENE WOLFE, | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | 5:12-cv-2373-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION

## I.  Introduction

The plaintiff, Mitchell E. Wolfe, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Mr. Wolfe timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Wolfe was fifty-eight years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a twelfth grade education and has completed truck driving school. (Tr. at 61.) His past work experiences include employment as

a long haul truck driver. (Tr. at 57.) Mr. Wolfe claims that he became disabled on June 13, 2008, due to right foot problems and a heart attack with 15-20% heart damage. (Tr. at 56.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she

will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Wolfe meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 12.) He further determined that Mr. Wolfe has not engaged in substantial gainful activity since the alleged onset of his disability. *Id*. According to the ALJ, Plaintiff's right foot plantar fasciitis, hypertension, obesity, hyperlipidemia, and coronary artery disease are considered "severe" based on the requirements set forth in the regulations. *Id*. However, she

found that these impairments neither meet nor medically equal any of the listed impairments provided in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 15.) The ALJ did not find Mr. Wolfe's allegations to be totally credible, and she determined that he has the following residual functional capacity: medium work with intermittent standing and walking for two hours throughout an eight hour workday, with occasional pulling and pushing with his right lower leg. *Id*.

According to the ALJ, Mr. Wolfe is unable to perform any of his past relevant work, he is an "individual of advanced age," and he has "at least a high school education," as those terms are defined by the regulations. (Tr. at 18.) She determined that transferability of skills was not an issue in this case because "using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills." *Id*. The ALJ found that Mr. Wolfe has the residual functional capacity to perform a significant range of medium work. (Tr. at 19.) Even though Plaintiff cannot perform the full range of medium work, the ALJ relied on the Vocational Expert ("VE") in finding that there are a significant number of jobs in the national economy that he is capable of performing, such as machine tender, packer, and conveyor feeder/tender. *Id*. The ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." *Id*.

**II.     Standard of Review**

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court

scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   Discussion

Mr. Wolfe alleges that the ALJ's decision should be reversed and remanded for two reasons. First, he believes that the ALJ failed to pose a complete hypothetical to the VE and thus the VE's testimony did not constitute substantial evidence to support her finding. (Doc. 7 at 9-10.) Second, Plaintiff contends that the ALJ improperly evaluated his subjective complaints of foot pain and swelling by failing to provide specific reasons to discredit his testimony. (Doc. 7 at 13.)  Although Plaintiff separated these two concerns as independent matters, resolution of the second issue will dispose of the first. *See Pierson v. Comm'r of Soc. Sec.*, 494 Fed. App'x 930, 935 (11th Cir. 2012) ("To the extent that [the claimant] argues that the ALJ failed to include his testimony about the severity and persistence of his symptoms . . . this argument is essentially a reiteration of his credibility argument. Because the ALJ did not find [the claimant's] testimony . . . credible . . . he was not required to include those additional limitations in the hypothetical.").

Plaintiff contends that the ALJ posed an incomplete hypothetical question to the VE. (Doc. 7 at 9-10.) Specifically, he claims that the ALJ failed to include his limitations of foot pain and swelling and his need to elevate his leg after standing or walking. (Doc. 7 at 10.) In order for a VE's answer to satisfy the substantial evidence standard, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). Despite the requirement that the hypothetical be complete, an ALJ is not required to include symptoms that she has properly rejected because they lack support. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) ("The hypothetical need only include 'the claimant's impairments,' not each and every symptom of the claimant. The characteristics the administrative law judge omitted are among those that [the claimant] alleged to suffer but were either not supported by her medical records or were alleviated by medication."); *see also Pritchett v. Comm'r of Soc. Sec.*, 315 Fed. App'x 806, 813 (11th Cir. 2009) ("Though the question did not reference . . . pain, the ALJ was not required to include this alleged impairment, because the ALJ did not find that it constituted a severe impairment for disability purposes.").

As the above authority demonstrates, if the ALJ properly discredits a plaintiff's symptoms as not supported by the record, then she is not required to raise them in her hypothetical question to the VE. *See also Gallina v. Comm'r of Soc. Sec.*, 202 Fed.

App'x 387, 389 (11th Cir. 2006). Therefore, because the ALJ's determination of credibility necessarily defines the parameters of the hypothetical, the Court must first consider whether substantial evidence supported that credibility determination. Here, the ALJ's credibility determination centers around Plaintiff's subjective complaints of pain.

The Eleventh Circuit has implemented a "pain standard" when determining whether a plaintiff is disabled on the basis of his subjective complaints of pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If medical evidence meets the pain standard and supports a claimant's subjective testimony of pain, then there is sufficient evidence to find a disability. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). In order to satisfy the pain standard, a claimant must offer, "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt*, 921 F.2d at 1223).

Once a plaintiff meets the pain standard, the ALJ then takes the Plaintiff's subjective testimony of his symptoms into account. *Foote*, 67 F.3d at 1560; *see also* 20 C.F.R. § 404.1529 (2013). The ALJ may discredit Plaintiff's subjective testimony,

but she must provide sufficient reasons for this decision. *Wilson*, 284 F.3d at 1225; *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). There is no precise formula that the ALJ must follow when explaining why she has discredited a plaintiff's testimony, however "the implication must be obvious to the reviewing court." *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983). In determining credibility, the ALJ may consider evidence such as a plaintiff's medical history, treatment plan, and daily activities. 20 C.F.R. § 404.1529(c)(3) (2013).

Here, the ALJ applied the pain standard and found that Plaintiff's plantar fasciitis in his right foot might reasonably cause the pain and swelling. (Tr. at 16.) The ALJ correctly continued the analysis of whether Plaintiff's complaints of pain and swelling were credible by taking his subjective testimony into account. *Id*. During this analysis, the ALJ found that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." *Id*.

Plaintiff complains that "The ALJ in this matter *did not really* give any specific reasons to reject the Plaintiff's testimony as to the pain and swelling of his right foot

and the need to elevate the right foot after standing or walking." (Doc. 7 at 13 (emphasis added).) However, the Court finds that the ALJ provided sufficient reasons for discrediting Plaintiff's testimony, such as pointing out that Plaintiff's subjective allegations of pain were inconsistent with his medical records, the conservative treatment of his foot pain and swelling, and his daily activities. (Tr. at 16-18.)

One reason the ALJ gave for discrediting Plaintiff's subjective testimony is that it was inconsistent with the objective medical evidence. The ALJ described Plaintiff's visit to the Podiatry Clinic in November 18, 2009, where Plaintiff's right foot was x-rayed. As the ALJ noted, those x-rays showed a "minimal osteopenia," "a small enthesophyte" with "no significant degenerative changes," and "unremarkable" soft tissues. (Tr. at 17, 151.) Such a report indicates that, at the time the x-rays were taken, Plaintiff's foot likely did not cause the pain he rated as "about a eight-and-a-half" out of ten during his Administrative Law hearing. (Tr. at 202.)

Another reason the ALJ provided for discrediting Plaintiff's allegations of pain was that "the record reflects significant gaps in the claimant's history of treatment [for his right foot plantar fasciitis]," and where treatment was sought, it has "been essentially routine and conservative in nature and has generally been successful in controlling his symptoms." (Tr. at 16.) The ALJ noted that Plaintiff's doctor visits were generally "routine" follow-ups, indicating that Plaintiff's medical problems were

being effectively treated with no need for pharmaceutical or treatment adjustment. (Tr. at 16, 17.) Plaintiff testified that he was experiencing severe pain, an eight-and-a-half out of ten, and could barely walk to the mailbox. (Tr. at 203, 201-02.) However, this medical evidence and treatment history provide a strong indication that Plaintiff's testimony of severe pain to the point where he could barely walk to the mailbox is not entirely credible.

The ALJ further noted that Plaintiff's medical records seem to lack treatment notations regarding Plaintiff's foot pain, stating that "given the claimant's allegations of disabling pain symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by a treating physician. Yet, a review of the record reveals no restrictions have been recommended by a treating physician." (Tr. at 18.) Instead, medical records show that Plaintiff was "ambulatory" and in "good condition" throughout the period he claimed to be disabled with no physicians noting that Plaintiff needed to limit his daily activities because of foot pain. (Tr. at 129, 162.) The ALJ appropriately addressed this lack of a comprehensive treatment plan as impacting Plaintiff's credibility regarding the severity of his pain and the limitations it caused. *See Osborn v. Barnhart*, 194 Fed. App'x 654, 665 (11th Cir. 2006) ("[T]he medical evidence in this case presents diagnoses, but no descriptions of limitations on [claimant's] functional capacity or ability to work . . . [claimant's]

. . . subjective descriptions of symptoms and pain were not corroborated by any medical evidence . . . .").

Finally, the ALJ discussed Plaintiff's daily activities in explaining why she discredited his subjective testimony of pain and swelling. (Tr. at 17-18.) For example, Plaintiff indicated that he did the laundry; he also shopped for groceries once a week, which took about one hour. (Tr. at 65, 66.) Similarly, Plaintiff still prepares food and meals on a weekly basis. (Tr. at 66.) These activities tend to show that Mr. Wolfe's statements about his pain and the limitations it caused were not wholly credible. *See Lanier v. Comm'r of Soc. Sec.*, 252 Fed. App'x 311, 314 (11th Cir. 2007) ("The ALJ . . . explained that [the claimant's] testimony about the amount of pain that she experienced was inconsistent with her description of her activities. [The claimant] explained that she performed household chores . . . did some cooking . . . [a]nd we see no reversible error in the ALJ's assessment of [the claimant's] credibility.")

Plaintiff bears the burden of providing sufficient evidence to support his allegations of disabling pain. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1512(a)–(c), 404.1529(a)–(c). Plaintiff simply did not meet this burden. The ALJ adequately addressed Mr. Wolfe's allegations of pain in her determination that it was not supported by the record. The facts the ALJ discussed provided substantial

evidence to support her decision that both the alleged severity of his pain and the limitations it caused were not entirely credible.

Furthermore, given that the Court finds that the ALJ's credibility determination is supported by substantial evidence, the Court likewise finds no fault with the ALJ's decision to exclude Plaintiff's claims of pain and swelling in her hypothetical question to the VE. Thus, the hypothetical question was complete and the ALJ's decision that Plaintiff was not disabled was supported by substantial evidence.

## IV. Conclusion

Upon review of the administrative record, and considering all of Mr. Wolfe's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 25th day of July 2013.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[170956]